**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES of AMERICA,**

      vs.                                                                  5:05-CR-347-003(NAM)

**JASON ALPETER,**

      **Defendant.**
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| Glenn T. Suddaby | Stephen C. Green, |
| United States Attorney | Assistant United States Attorney |
| 100 South Clinton Street | |
| Syracuse, New York 13261 | |
| | |
| Sugarman Law Firm, LLP | James G. Stevens, Jr., Esq. |
| 360 South Warren Street | |
| HSBC Center | |
| Syracuse, New York 13202 | |

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

## MEMORANDUM DECISION AND ORDER

### BACKGROUND

On September 27, 2005, Jason Alpeter, a defendant in the above-captioned action, pleaded guilty to a charge of conspiracy to possess with intent to distribute and to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) and 846. Alpeter further admitted the forfeiture allegations contained in the indictment and agreed to forfeit to the United States all of his interest in properties used to facilitate his narcotics activities as well as any property that constituted proceeds generated by his narcotics activities. This included: a 2003 Triton Elite trailer; a 2003 SeaDoo Bombardier GTX-4TEC; a 2004 SeaDoo Bombardier RXP 4 TEC; a 1999 Chevrolet Silverado Z71 pickup truck; a 2005 Chevrolet Silverado Z71 pickup truck; a Polaris ATV

Sportman 700 Twin; a 2001 Yamaha 600 R ATV; a 2004 Bombadier Ski Doo MX2; and $290,875 in United States Currency.  On October 4, 2005, the Court issued a Preliminary Order of Forfeiture directing forfeiture of Alpeter's interest in these properties.

According to the government, the United States Marshals Service published notice of the forfeiture in the Syracuse Post-Standard newspaper for three consecutive weeks in October 2005. Additionally, the government states that on October 6, 2005, it served direct written notice of the forfeiture to William Widger, Carol Widger, and Andrea Rowlands, advising that they, pursuant to 21 U.S.C. § 853(n)(2), could petition the Court for a hearing to adjudicate the validity their alleged interest in the above properties, so long as they did so within thirty days of the final date of publication of the notice of forfeiture, or within thirty days of receipt of actual notice.  On December 1, 2006, the Court granted the government's request for entry of a Final Order of Forfeiture.  On December 21, 2006,[1] William Widger and Carol Widger filed petitions in the above-captioned matter dated August 22, 2005, claiming ownership of the 2003 Triton Elite Trailer.  Andrea Rowlands filed a petition dated August 22, 2005, claiming ownership of the 2005 Chevrolet Silverado pickup truck.

Presently before the Court is the government's motion to dismiss these petitions pursuant to Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure on the ground that they are untimely.  Petitioners William Widger, Carol Widger, and Andrea Rowlands oppose the government's motion arguing that their claims should be considered timely filed in this case because they previously filed claims in August 2005 in connection with the administrative

---

[1]The government asserts in its papers that these petitions were submitted to the Court on December 21, 2006.  However, the Court docket indicates that these petitions, which are dated August 22, 2005, were filed on July 30, 2007.  Dkt. Nos. 419, 420, and 421.

2

forfeiture by the Drug Enforcement Administration.

## DISCUSSION

As the Second Circuit stated, "Rule 32.2 of the Federal Rules of Criminal Procedure, which pertains to procedures related to criminal forfeiture . . . prohibits a third party from 'object[ing] to [a] final [forfeiture] order on the ground that the third party had an interest in the property.'" *DSI Assocs. LLC v. United States*, 496 F.3d 175, 184 (2d Cir. 2007). Since a final order of forfeiture has been entered in this case, the United States has clear title to the properties at issue. *See* Dkt. nos. 137 and 269. Thus, to obtain any relief, petitioners would have to first file a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure to reopen the ancillary forfeiture proceeding. *See United States v. Puig*, 419 F.3d 700, 702 (8th Cir. 2005) (citing Fed.R.Crim.P. 32.2(c) advisory committee notes) (noting that a third-party claimant may file a Rule 60(b) motion to reopen the ancillary proceeding allowed by 21 U.S.C. § 853(n)); *DSI Assocs.*, 496 F.3d at 187 n.18 (noting that if DSI later obtained a security interest in the property at issue sufficient "to confer upon it standing to make a claim under section 853(n) . . . it might then file a Rule 60(b) motion to reopen the ancillary forfeiture proceeding in the district court and litigate its claim"); *see also* 3Charles Alan Wright, Nancy J. King, Susan R. Klein, & Sarah N. Welling, Federal Practice and Procedure Criminal § 547 (3d ed. 2007) ("If adequate notice of the criminal forfeiture action was not provided to the third party, that party may file a motion under Rule 60(b) of the Federal Rules of Civil Procedure to reopen the ancillary proceeding."). Accordingly, the government's motion to dismiss the petitioners' claims is granted on the basis that the forfeiture proceeding is closed.

## CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the government's motion to dismiss the petitions is **granted**; and it is further

**ORDERED** that the petitions (Dkt. Nos. 419, 420, and 421) are **dismissed**.

**IT IS SO ORDERED**.

Date:  January 10, 2008

_____
Norman A. Mordue
Chief United States District Court Judge